SCHEIBLER *v.* STEINBURG. *

(*Jackson.*    April Term, 1914).

1. **MALICIOUS PROSECUTION.    Element of suit.    Termination of original case.**

In order to maintain a suit for malicious prosecution, plaintiff must allege and prove that the original prosecution has terminated in his favor. (*Post, pp.* 616, 617.)

2. **CRIMINAL LAW.    "Nolle prosequi."**

A *"nolle prosequi"* is a formal declaration of record by the prosecuting officer that he will no further prosecute the case either as to some of the counts of the indictment or as to some of the defendants, or all together. (*Post, pp.* 616, 617.)

Cases cited and approved:    Swepson v. Davis, 109 Tenn., 107; Pharis v. Lambert, 31 Tenn., 228; Sloan v. McCracken, 75 Tenn., 626; Gas Co. v. Williamson, 56 Tenn., 314; Stewart v. Sonneborn, 98 U. S., 187; Crescent City Live Stock, etc., Co. v. Butchers' Union Slaughter House, 120 U. S., 141.

3. **MALICIOUS PROSECUTION.    Termination of original proceeding.    Nolle prosequi.**

The entry of a *nolle prosequi* without procurement of the defendant is such a termination of the criminal prosecution in defendant's favor as to sustain a suit by him for malicious prosecution, though the suit for malicious prosecution is brought on the day following entry of the *nolle prosequi,* while the court had power to set the *nolle prosequi* aside, since the court, in an action for malicious prosecution, could look no further than the final judgment to determine whether the prosecution had terminated in favor of the defendant therein. (*Post, pp.* 617, 618.)

Cases cited and approved:    State v. Fleming, 26 Tenn., 154; Walton v. State, 35 Tenn., 687; Graves v. Scott, 104 Va., 372;

---

*On the question of termination of criminal prosecution by entry of nolle prosequi so as to support suit for malicious prosecution, see note in 2 L. R. A. (N. S.), 938, 942.

Scheibler v. Steinburg.

Stanton v. Hart, 27 Mich., 539; Southern Car & Foundry Co. v. Adams, 131 Ala., 147; Swepson v. Davis, 109 Tenn., 107.

FROM SHELBY.

Appeal from the Civil Court of Shelby County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— A. B. PITTMAN, Judge.

W. W. GOODWIN and BARTON & BARTON, for Scheibler.

LEO GOODMAN and ANDERSON & CRABTREE, for Steinburg.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This suit was brought in the circuit court of Shelby county by Steinburg against Scheibler to recover damages for the alleged malicious prosecution of Steinburg by Scheibler for knowingly receiving stolen property. There were verdict and judgment in favor of plaintiff below for $10,000. Upon appeal to the court of civil appeals, that court reversed and remanded the case for a new trial.

The case is before us upon the petition of Scheibler for writs of *certiorari*, and the only error assigned is the failure of the court of civil appeals to reverse the case because the trial judge held that the entry of a nolle prosequi in the criminal case was a sufficient

termination thereof to authorize the commencement of this suit. As stated, the court of civil appeals held this to be the true rule, and, although the case was reversed and remanded upon other grounds, the plaintiff in error has presented this single question for our consideration.

It appears that the attorney-general announced, when the criminal case was called for trial, that, on account of the absence of a certain witness, he could not proceed to trial, and, the court having set the case peremptorily, the attorney-general asked leave of the court to *nol. pros.* the case. To this the defendant in error objected and insisted upon a verdict of not guilty; but, after a considerable argument between counsel for the prosecution and the defense, the court allowed the *nolle prosequi* to be entered and discharged Steinburg. The next day this suit was brought.

It is universally held that, in order to maintain a suit for malicious prosecution, it is necessary to allege and prove that the original suit on which the malicious prosecution is based has terminated, and that it resulted in favor of the defendant in that suit. *Swepson* v. *Davis,* 109 Tenn., 107, 70 S. W., 65, 59 L. R. A., 501; *Pharis* v. *Lamberts,* 1 Sneed, 228; *Sloan* v. *McCracken,* 7 Lea, 626; *Gas Co.* v. *Williamson,* 9 Heisk., 314; *Stewart* v. *Sonneborn,* 98 U. S., 187, 25 L. Ed., 116; *Crescent City Live Stock, etc., Co.* v. *Butchers' Union Slaughter House,* 120 U. S., 141, 7 Sup. Ct., 472, 30 L. Ed., 614. This rule, however, as stated by Judge Cooley in his work on Torts, vol. 1, p. 341, is merely

"a technical prerequisite," and means that the particular prosecution must have been disposed of in such manner that it cannot be revived, and the prosecutor, if he desires to proceed further, will be put to a new action. A *nolle prosequi* is a formal declaration of record by the prosecuting officer by which he declares that he will no further prosecute the case, either as to some of the counts of the indictment or as to some of the defendants, or all together. Black's Law Dictionary; Clark's Criminal Procedure, 375; 12 Cyc., 374.

It was said by this court in *State* v. *Fleming*, 7 Humph., 154, 46 Am. Dec., 73, that a *nolle prosequi* is a discharge without acquittal, and can be awarded only by the attorney-general and the court. It being a discharge, it is necessarily a termination of the particular prosecution, although it is not a bar to a subsequent prosecution, unless it shall be entered after the defendant has been put to his trial upon a valid indictment before a jury duly sworn and impaneled. In such case, it is generally held that a *nolle prosequi* would terminate the prosecution, as the defendant would have been in jeopardy. *Walton* v. *State,* 3 Sneed, 687. It would seem that the entry of a *nolle prosequi* would terminate the particular prosecution at whatever stage of the suit it might be entered. We are of opinion, therefore, that the entry of a *nolle prosequi,* without the procurement of the defendant, is such a termination of the criminal prosecution in defendant's favor as is contemplated by the rule requiring that the original suit be terminated in favor of the

plaintiff before he can commence his suit for malicious prosecution.

There is a division of authority upon the question. The following authorities are in accord with this holding: *Graves* v. *Scott,* 104 Va., 372, 51 S. E., 821, 2 L. R. A. (N. S.), 927, 113 Am. St. Rep., 1043, 7 Ann. Cas., 480; *Stanton* v. *Hart,* 27 Mich., 539; *Southern Car & Foundry Co.* v. *Adams,* 131 Ala., 147, 32 South., 503; Cooley on Torts, (3d Ed.), vol. 1, p. 341; American & Eng. Enc. of Law (2d Ed.), p. 681; Cyc., vol. 26, p. 60. Many other cases could be cited to the same effect, but the foregoing sufficiently illustrate the trend of authority.

It is further said by the petitioner that inasmuch as the present suit was brought the day following the entry of the *nolle prosequi,* and as it was within the power of the court to set aside the *nolle prosequi* during the term, or within thirty days, if the term should last longer, it does not sufficiently appear that the criminal prosecution is finally terminated, and for that reason this suit was prematurely brought. This contention, however, is not sound. It was settled in *Swepson* v. *Davis,* supra, in response to the petition to rehear, that the court could not look beyond the final judgment in the original suit, and whether the original suit was terminated in the plaintiff's favor would be determined alone by the final judgment therein.

We concur in the opinion and reasoning of the court of civil appeals and affirm its judgment.