Richard H. Rice

*v.*

Logan's Super Market, Inc. and Charles S. Roche.

(*Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

Stokes & Trimble, and S. T. Snodgrass, Nashville, for plaintiff in error.

Williams, Harwell, Howser & Thomas, Nashville, for defendants in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The trial judge sustained the defendants' demurrer and dismissed the suit. This appeal in error resulted.

This suit was brought by plaintiff, Richard H. Rice, for damages by virtue of a false arrest and malicious prosecution by Logan's Super Market, Inc., through its employee, Charles S. Roche, both defendants in this case.

The declaration alleged that during the last week of June, 1956, an employee of Logan's Super Market came to the home of plaintiff and produced a check drawn on June 16, 1956, for $25, made payable to Logan's and that the name of Richard H. Rice appeared as the signature on this check. The plaintiff advised the employee that it was not his signature and that he knew nothing whatever about the matter.

The declaration further alleged that the writing on the check appeared to be that of plaintiff's ex-wife, who had a habit of signing his name to checks about town. The plaintiff declined to take up the check and disclaimed any responsibility for it.

The declaration further alleged that plaintiff had dismissed the matter from his mind until about July 6 or 7, 1956, and on this date he went to his office at the Methodist Publishing Company, where he was employed as an editor, and was advised that a call awaited him from the sheriff's office. The plaintiff immediately got

in touch with the sheriff and was advised that Charles S. Roche, acting for the defendant, Market, had sworn out a warrant for his arrest for fraudulently obtaining property subject to larceny by means of a worthless check in the sum of $25.

The declaration further alleged that the defendant, Market, through its employee, Roche, was summoned before the Davidson County Grand Jury to give evidence to support an indictment and at that time the defendants advised the Grand Jury that the check had been paid off and that they did not desire to prosecute.

The declaration further alleged that if said check had been paid off as testified by Logan's, said payment was made by a party unknown to said plaintiff; that plaintiff did not pay said check or have same paid. Further, that the before mentioned warrant was dismissed and the prosecution terminated favorably so far as plaintiff was concerned.

The declaration further charged that on the above mentioned date he was arrested upon the aforementioned charge without probable cause, falsely and maliciously by the Super Market, by its employee, Charles S. Roche, and plaintiff sued both defendants for the sum of $20,000.

As before stated the defendants, Super Market and Roche, filed a demurrer to the declaration of the plaintiff which demurrer was sustained.

We are of the opinion that the trial judge was in error in sustaining the demurrer of the defendants. We think, under the above allegations in the declaration, that this prosecution against the plaintiff was instituted without

probable cause and further under the facts and circumstances above related the move in instituting same must have been malicious.

We are further of the opinion that the prosecution must be terminated in the acquittal or discharge of the accused. We think all of these elements appear and are deducible from the allegations made in the declaration.

Here we have a case where the plaintiff, after having his attention called to the alleged check, told the defendants the check was not his; that he did not sign it or authorize anybody to sign it. This clearly put the defendants on notice that the plaintiff did not recognize the check or according to the allegations in the declaration knew nothing about it.

Now, notwithstanding this, the defendants instituted the prosecution by warrant against the plaintiff and then later appeared before the grand jury and stated that the check had been paid, and they did not care to further prosecute the case. This seems to us the declaration clearly shows a cause of action.

In connection with this opinion see *Kinnard v. Frierson,* 190 Tenn. 304, 229 S.W.2d 348; *Thompson v. Schultz,* 34 Tenn.App. 488, 240 S.W.2d 252; *Scheibler v. Steinburg,* 129 Tenn. 614, 167 S.W. 866.

We are therefore of the opinion that the court below was in error in sustaining the demurrer and his judgment is reversed and the case ordered proceeded with in accordance with this opinion.