Lawrence I. WEISMAN, Plaintiff,

v.

William ASHPLANT and F. B. Ashplant, doing business as partners under the name of F. B. Ashplant & Co., and Scantlin Electronics, Inc., Defendants.

No. 70 Civ. 1206.

United States District Court,
S. D. New York.

March 31, 1971.

Fred I. Sonnenfeld, New York City, for plaintiff.

Havens, Wandless, Stitt & Tighe, New York City, for defendants William Ashplant, F. B. Ashplant and F. B. Ashplant & Co.

Cravath, Swaine & Moore, New York City, for defendant Scantlin Electronics, Inc.

LASKER, District Judge.

All defendants move under Rule 56 of the Federal Rules of Civil Procedure for summary judgment as to the third and fourth counts of the complaint herein. In addition, the Ashplant defendants move for leave to file a third-party complaint against defendant Scantlin.

The third count of the complaint alleges that defendant Scantlin Electronics, Inc. ("Scantlin") violated §§ 5, 12 and 17 of the Securities Act of 1933, 15 U.S.C.A. §§ 77e, 77l, 77q, in that Scantlin

stated, in its prospectus of April 1, 1969 for $5,000,000 of 6½% convertible subordinated debentures, that it intended to secure listing of the debentures and of Scantlin's common stock with the American Stock Exchange, and that Scantlin never applied for such listing. The fourth count of the complaint alleges that the prospectus constituted a contract between plaintiff and Scantlin which was breached by the failure to apply for a listing.

Jurisdiction is alleged to be founded under § 22(a) of the Securities Act of 1933, 15 U.S.C.A. § 77v(a) as to the third count, and under the doctrine of pendent jurisdiction as to the fourth account.

There are no genuine issues of material fact remaining. The record clearly establishes that on February 25, 1969, Scantlin filed with the Securities and Exchange Commission its Form S–1 Registration Statement covering a proposed offering of .6½% convertible subordinated debentures due in 1989. This Registration Statement became effective on April 1, 1969.

On the cover page of Scantlin's prospectus for these debentures the second full paragraph reads:

"The Company intends to apply for listing of its Common Stock and of the Debentures on the American Stock Exchange."

Prior to the issuance of this statement, the Scantlin board of directors had authorized both the registration of the debentures with the Securities and Exchange Commission and an application for their listing with the American Stock Exchange. On February 26, 1969, counsel for Scantlin sought a preliminary opinion from the American Stock Exchange as to whether or not it would entertain a formal application for listing. Counsel were informed orally and then by a letter from the Exchange dated April 2, 1969, that the Securities Division of the Exchange was prepared to recommend favorable consideration of an application by Scantlin for a listing.

Scantlin then made formal application for listing in a submission to the Exchange dated May 2, 1969. This application was withdrawn on November 21, 1969, after the interim earnings of Scantlin suffered a decline "and the Securities Division of the Exchange took the position that the Company's earnings no longer met the Exchange's minimum requirements." (Affidavit of John E. Young, sworn to September 25, 1970). Counsel for Scantlin state that the application was withdrawn at the suggestion of the Securities Division.

On or about April 1, 1969, plaintiff purchased $100,000 face value of the debentures (Affidavit of Lawrence I. Weisman, sworn to October 8, 1970). Since that purchase the market price for the debentures has fallen substantially.[1]

■ The plaintiff's allegations in the third and fourth counts of the complaint (that defendants did not make good faith efforts to secure an American Stock Exchange listing) are clearly contrary to the facts established here. Plaintiff attempts to remedy this failing of proof by arguing in his affidavit opposing the motions that certain collateral facts suggest that perhaps Scantlin never intended to secure a listing.[2] No

1. The complaint in paragraph 10 states: "After April 1, 1969, the market price of the said debentures dropped from its issue price of $100 for each $100 of principal value to approximately $50 per $100 of principal value as of the present time." The plaintiff states in his affidavit sworn to October 8, 1970: "6. Within less than a year the value of that debenture which your deponent, as stated above, paid 100 cents on the dollar has decreased by nearly 60%."

2. Plaintiff suggests in his affidavit that Scantlin should have known it would not be able to get a listing because its earnings were not sufficient under the listing requirements of the American Stock Exchange. Scantlin, however, points to its net income for the year before, reported as $624,726, as being well above the $300,000 required by the Exchange. Plaintiff also argues that the prospectus was misleading because it failed to state that listing was not possible or very un-

motion has been made to amend the complaint, however, and these further suggestions are not properly before us. Even if they were, they would not change the outcome.

Accordingly, summary judgment is granted to defendants on the third and fourth counts of the complaint.

■ The motion by defendants William Ashplant, F. B. Ashplant and F. B. Ashplant & Co. for leave to denominate their cross-claims on this motion against Scantlin as a third-party complaint is denied because the cross-claims are not properly pleaded pursuant to the Federal Rules of Civil Procedure. The alternative motion by these defendants for leave to bring a third-party complaint against Scantlin within twenty days from the filing of this opinion is granted.

The Ashplant defendants' claim against Scantlin is that Scantlin would be liable to them in the event that they are found liable to the plaintiff. Under Rule 14(a), F.R.Civ.P., the filing of a third-party complaint is proper where, as here, it tends to "settle related matters in one litigation as far as possible."

■ Since Scantlin will remain a party to the litigation upon the filing of the third-party complaint, its application for a certificate under Rule 54(b), F.R.Civ. P., is denied. Campbell v. Westmoreland Farm, 403 F.2d 939 (2d Cir. 1968).[3]

Defendants' motion for summary judgment on the third and fourth counts of the complaint is granted. The motion of the Ashplant defendants to denomi-

nate their cross-claims on this motion as a third-party complaint is denied, with leave to bring a third-party complaint against Scantlin within twenty days from the filing hereof. Defendant Scantlin's application for a certificate under Rule 54(b) is denied.

It is so ordered.

---

likely. This allegation is not found in the complaint itself, and its inclusion as a speculation in affidavit of plaintiff cannot remedy the defects of the complaint made apparent on this motion. Even if plaintiff were correct in showing that the write-offs of $2,400,000 of equipment and development costs in 1970 should have been written off in 1968 (and if they had been, would have shown that Scantlin lacked the income required for listing on the American Stock Exchange), this does not establish a lack of intent in good faith to seek listing. It may be equally inferred, for example,

that Scantlin found it necessary to make the write-offs only in the declining economy of 1970, or that it put off the write-offs in order to secure the listing applied for.

3. Having granted Scantlin's motion for summary judgment, there is no need to pass upon its motion in the alternative seeking to require the plaintiff to post a bond or undertaking for the costs on this action. Of course, Scantlin can make a further application in the event it is served with a third-party complaint.