**Scott Keith WILLIAMS, Plaintiff,**

v.

**Walter J. STONE et al., Defendants.**

**Civ. A. No. 2788.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 15, 1971.

W. E. Bill Bowman, Greeneville, Tenn., for plaintiff.

Richard E. Hopson, Kingsport, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for money damages for the alleged violation by the defendants of the plaintiff's federally-protected civil rights, 42 U.S.C. § 1983, and for their malicious prosecution of him, 28 U.S.C. § 1332(a) (1), (c). The defendants have moved for a dismissal of the action, on the ground that the complaint fails to state any claim against them on which relief can be granted. Rule 12(b) (6), Federal Rules of Civil Procedure. Any response thereto of the plaintiff is now deemed waived. Local Rules 12(b), 11(f).

The motion has merit as to the plaintiff's claim of malicious prosecution, and this claim hereby is dismissed. The complaint includes no averment that the prosecution of which the plaintiff complains has terminated and resulted in his favor in that prosecution. This is a necessary allegation in order to maintain an action for malicious prosecution. Scheibler v. Steinburg (1914), 129 Tenn. 614, 616 [1], 167 S.W. 866; see also Rice v. Logan's Super Market, Inc. (1958), 203 Tenn. 190, 310 S.W.2d 431.

The motion is without merit otherwise and hereby is denied. The plaintiff claims in relation to his other claim that the conduct complained of was done by persons acting under color of law, and amounts to a claim that such conduct subjected him to the deprivation of rights secured to him by the Constitution, Eighth and Fourteenth Amendments. Basista v. Weir, C.A.3d (1965), 340 F.2d 74, 79 [3]. It was not required that the plaintiff's complaint under 42 U.S.C. § 1983, which was enacted to enforce the Constitution, Fourteenth Amendment, set out the particular portion of the Constitution or law securing the right of which he claims to have been deprived; all that is necessary is that the Court ascertain from the confines of the Constitution or law that such right exists. Beauregard v. Wingard, D.C.Calif. (1964), 230 F.Supp. 167, 177 [10, 11]. In passing on this motion, the facts set forth in the complaint must be assumed to be true. Viewed in this aspect, the complaint does state a cause of action under the Civil Rights Act and should not be dismissed at this time. Brown v. Brown, C.A.9th (1966), 368 F.2d 992, 993 [5], certiorari denied (1966), 385 U.S. 868, 87 S.Ct. 133, 17 L.Ed.2d 95.