In re Jeff Benny ANDERSON, Debtor.

Sam J. MCALLESTER, III,
Trustee, Plaintiff,

v.

Norma L. ALDRIDGE, et al.,
Defendants.

Bankruptcy No. 181–03033.
Adv. No. 182–0505.

United States Bankruptcy Court,
M.D. Tennessee.

Sept. 17, 1982.

Russell H. Hippe, Jr., Nashville, Tenn., and Charles W. Wade, Lewisburg, Tenn., for Frances Hardison, Frank Hardison, Freddie T. Mustain, Judith H. Mustain, Dorlene Sargent and Roy L. Sargent.

Julie N. Jones, Nashville, Tenn., for Norma L. Aldridge, James M. Jones, Jr., Trustee, and Peoples and Union Bank.

Walter Bussart, Lewisburg, Tenn., for Connie B. Armstrong, Maynard B. Armstrong, Carolyn N. Bingham, James H. Bingham, Jr., Marvin G. Burrow, Jr. and Salene Burrow, Grover Collins, Peggy P. Collins, Addie W. Harris, L.R. Harris, Jr., Henry L. Hulshof, Dorothy Y. Hulshof, David Jent, Patricia H. Jent, Ron Klenk, John David Murray, Yolanda Murray, Mike Samford, and Ed E. Smotherman.

Sam J. McAllester, W. Gary Blackburn, Roger E. Brandon, Rhonda L. Epperson, Robert Ziegler, Margaret M. Huff, Douglas Fisher, pro se.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the various motions of the parties involved in this adversary proceeding. For the convenience of the parties, the court's determination of these motions will be consolidated in this single order. Upon consideration of the evidence presented at the hearing of this matter on August 26, 1982, stipulations, briefs of the parties and the entire record, this court concludes that (1) the trustee's motion to dismiss the counterclaims of several of the defendants should be granted, (2) the defendants Robert O. Binkley, Norma L. Aldridge and Rhonda L. Epperson's motions to dismiss for failure to state a claim should be granted, (3) the defendant Binkley's motion to dismiss all cross-claims filed against him should be granted and (4) the defendants' motion to reconsider the court's prior order refusing to abstain from hearing this adversary proceeding should be denied.

## TRUSTEE'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

This adversary proceeding was initiated by the trustee pursuant to 11 U.S.C. § 544 to recover certain parcels of real property conveyed by the debtor. The trustee essentially contends that the notary acknowledgements contained in each of the deeds transferring the aforementioned property are not in compliance with the Tennessee statutory requirements and therefore the deeds and their subsequent recordation in the Register's Office are null and void as to the trustee. In their answers to the trustee's complaint, various defendants asserted counterclaims of malicious prosecution against the trustee.[1] The trustee now seeks to dismiss these counterclaims.

---

1. These defendants include James H. and Carolyn N. Bingham, Marvin G. and Salene Burrow, Grover C. and Peggy P. Collins, L.R. and Addie W. Harris, Henry L. and Dorothy Y. Hulshof,

■ After a careful examination of both Tennessee and federal law, this court is persuaded that the trustee's position is correct and thus his motion to dismiss should be granted. A complaint for malicious prosecution must aver that the prosecution in question has terminated and resulted in a favorable verdict for the complainant. *Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc.,* 358 F.Supp. 17, 19 (E.D. Tenn.1972), *aff'd* 477 F.2d 598 (6th Cir. 1973); *Williams v. Stone,* 339 F.Supp. 1298, 1299 (E.D.Tenn.1971); *Scheibler v. Steinburg,* 129 Tenn. 614, 167 S.W. 866 (1914). The defendants may not, therefore, assert counterclaims for malicious prosecution at this time since such claims will not mature until and unless the instant proceeding concludes with a favorable judgment for the defendants. *See, e.g., Olsen v. Puntervold,* 338 F.2d 21, 22 (5th Cir.1964); *United States ex rel. Sacks v. Philadelphia Health Management Corp.,* 519 F.Supp. 818, 825–826 (E.D.Penn.1981); *Redman Industries, Inc. v. Tower Properties, Inc.,* 517 F.Supp. 144, 154 (N.D.Ga.1981); *The Savage Is Loose Co. v. United Artists Theatre Circuit, Inc.,* 413 F.Supp. 555, 561–562 (S.D.N.Y. 1976); *Universal Underwriters Insurance Co. v. Security Industries, Inc.,* 391 F.Supp. 326, 329 (W.D.Wash.1974); *Fischer & Porter Co. v. Haskett,* 287 F.Supp. 831, 834 (E.D.Pa.1968); 3 Moore's Federal Practice ¶ 13.13, at 13–308 (2d ed. 1982).

## DEFENDANTS BINKLEY, ALDRIDGE AND EPPERSON'S MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

■ The next matter confronting the court comprises the defendants Robert O. Binkley, Norma L. Aldridge and Rhonda L. Epperson's [2] motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The court is of the opinion that each of these motions should be granted. In order to have a cause of action against these defendants, the trustee must affirmatively prove that the defendants have in some manner caused damage or injury to the bankruptcy estate. *Hodge v. Service Machine Co.,* 438 F.2d 347, 349 (6th Cir.1971). *See also Ameraccount Club, Inc. v. Hill,* 617 S.W.2d 876, 878 (Tenn. 1981). The trustee in his complaint seeks to recover various parcels of property on the basis that the deeds to these properties contain defective acknowledgements and thus can be avoided by the trustee. The defendant Binkley prepared the allegedly defective deeds whereas the defendants Aldridge and Epperson notarized these deeds. These acts have in no way resulted in any harm or injury to the bankruptcy estate. Indeed, without the purported negligence of these defendants, the trustee would have no cause of action to pursue.

■ The court further finds that these defendants are not necessary parties to this adversary proceeding as defined by Rule 719 of the Federal Rules of Bankruptcy Procedure. Rule 719 provides in pertinent part:

> *"(a) Persons to be Joined if Feasible.* A person who is subject to service of process shall be joined as a party in the proceeding if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the proceeding and is so situated that the disposition of the proceeding in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . ."

David and Patricia H. Jent, John David and Yolonda Murray, Ed E. Smotherman, Ron Klenk and Mike Samford.

**2.** Rhonda Epperson filed an answer *pro se* to the trustee's complaint. At the conclusion of her answer, the defendant Epperson requested that the trustee's complaint against her be dismissed. For the purposes of this decision, the court will treat Epperson's request as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The trustee requests no affirmative relief from these defendants. Nor is the testimony of these defendants critical since the validity of the trustee's complaint will ultimately depend on the court's interpretation of the documents themselves. Finally, these defendants have no interest in the property which is the subject matter of this suit. The fact that the final judgment in this cause might result in negligence actions being brought against these defendants might support a motion to intervene by the defendants but it certainly does not require them to be joined as necessary parties to this proceeding. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 119–123, 88 S.Ct. 733, 743–745, 19 L.Ed.2d 936 (1968). In this regard, the court would note that these defendants have shown absolutely no proclivity to be included in this proceeding and indeed have fought tooth and nail to be dismissed as party defendants.

### DEFENDANT BINKLEY'S MOTION TO DISMISS CROSS–CLAIMS

█ Since the court has determined that the defendant Binkley should be dismissed from this proceeding, the court will also dismiss any cross-claims filed against Binkley pursuant to Federal Rule of Civil Procedure 13(g). Rule 13(g) expressly provides that a cross-claim may only be asserted against *existing* co-parties. Binkley is no longer a party defendant to this action and therefore the cross-claims against him should be dismissed.[3] 6 C. Wright & A. Miller Federal Practice and Procedure § 1431, at 163 (1971). *See also Gauthier v. Crosby Marine Service, Inc.,* 87 F.R.D. 353, 354 (E.D.La.1980); *United States Agricultural Processors Marketing Service, Inc. v. Quinonez Hermanos,* 73 F.R.D. 87, 89–90 (S.D.Fla.1976); *Weisman v. Ashplant,* 326 F.Supp. 825, 826 (S.D.N.Y.1971).

### DEFENDANTS' MOTION TO RECONSIDER

The final matter for the court's consideration is the various defendants' motion to reconsider this court's prior order refusing to abstain from exercising jurisdiction over this adversary proceeding. These defendants essentially contend that absention is warranted in this matter since the proceeding involves the interpretation of state law which the defendants claim is archaic and the proceeding could be substantially delayed by the jurisdictional controversy surrounding the United States Supreme Court's recent decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In an order dated August 26, 1982, this court denied the defendants' initial request for abstention on the following grounds:

"In denying the defendants' motion to dismiss, this court adopts the analysis set forth by Judge Lundin in the recent opinion of *Schneider v. 2–Star Foods, Inc. (In re Cumberland Enterprises, Inc., Northeast Enterprises, Inc. and Northeast Enterprises of Columbus, Inc.),* [22 B.R. 626] Bk. Nos. 381–01797, 382–00758 and 382–00757, Adv. No. 382–0289 (Bankr.M.D. Tenn. August 18, 1982). This court specifically concurs with Judge Lundin's finding that the stay entered by the Supreme Court in *Northern Pipeline* permits the bankruptcy courts to continue to exercise jurisdiction under 11 U.S.C. § 1471 until October 4, 1982.

For these same reasons, plus the fact that this adversary proceeding is essentially a traditional bankruptcy action whereby the trustee is seeking to assert his avoiding powers under the Bankruptcy Code, the court declines to abstain from hearing this proceeding at this time. The mere fact the complicated and unsettled issues of state law may be involved in the ultimate resolution of this matter

---

**3.** The court will leave to the parties' discretion the decision of whether they wish to file third party complaints against Binkley or any other entity which is not now a party to this proceeding. If the cross-claims in question are resub-

mitted as third party complaints, then the court will at that time address the appropriateness of the complaints, including the statute of limitation and abstention issues raised by Binkley.

does not in and of itself support a finding of abstention by a bankruptcy court. This court, sitting as a federal court in the Middle District of Tennessee, is equally capable with state court judges to interpret the law of Tennessee."

*McAllester v. Aldridge,* Case No. 181–03033, Adv.Proc. No. 182–0505, slip op. at 2 (Bankr. M.D.Tenn. August 26, 1982).

 Although the defendants' argument for reconsideration of this order is certainly appealing, this court nonetheless remains convinced that abstention is not proper in the present proceeding. The court would initially observe that the doctrine of abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188, 79 S.Ct. 1060, 1062, 3 L.Ed.2d 1163 (1959), *quoted in Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). *Accord Subranni v. Remington,* 14 B.R. 496, 503 (Bkrtcy.D.N.J.1981); *I.L.C. Inc. v. Ebrights Refrigeration Equipment,* 13 B.R. 546, 547–548 (Bkrtcy.S.D.Ohio 1981). A federal court should never decline to hear an action merely because a state court possesses concurrent jurisdiction over the subject matter of the proceeding. *Colorado River Water Conservation District v. United States,* 424 U.S. at 813–814, 96 S.Ct. at 1244–1245. Abstention may, however, be appropriate if the suit has already been commenced in a state court proceeding, *See, e.g., 951 Plymouth Restaurants, Inc. v. Pemberton Pub, Inc.,* 16 B.R. 275, 276–277 (Bkrtcy.D.Mass. 1981); *Subranni v. Remington,* 14 B.R. at 505; *Jewel Terrace Corp. v. Kew Gardens Tenants League,* 3 B.R. 36, 40 (Bkrtcy.E.D. N.Y.1980), or if the complaint involves unsettled questions of state law which significantly impact on a substantial state interest. *See, e.g., Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 483–484, 60 S.Ct. 628, 630–631, 84 L.Ed. 876 (1940); *In the Matter of Wild Oaks Utilities, Inc.,* 18 B.R. 959, 963 (Bkrtcy.S.D.N.Y.1982); *Scroggins v. Powell, Goldstein, Frazer & Murphy (In the Matter of Kaleidoscope, Inc.,* 3 B.R. 7, 10 (Bkrtcy.N.D.Ga.1980).

These factors are simply not present in this case. This proceeding was initiated by the trustee to recover certain parcels of real property for the bankruptcy estate on the basis that the acknowledgements in the deeds did not comply with applicable Tennessee law and therefore were void as to the trustee. No other proceeding has been initiated in any other forum on this issue. This court will not disturb the trustee's choice of forum solely because a question of state law is raised. *Cole Associates, Inc. v. Howes Jewelers, Inc.,* 7 B.R. 154, 155 (Bkrtcy.D.Utah 1980). As the court noted in *Jewel Terrace Corp. v. Kew Gardens Tenants League,* 3 B.R. at 40:

> "Of course, if the issue were to be presented *ab initio,* without the involvement of a court of original and competent jurisdiction, this court would have no hesitancy in presiding over and deciding the issue giving due consideration to the applicable state and municipal law."

Furthermore, the court is not persuaded that the issues of state law raised are so unsettled as to warrant the invocation of the doctrine of abstention. The defendants assert that the relevant Tennessee law on acknowledgements is archaic and therefore this case should be submitted to the state courts to allow them to bring these laws into conformity with modern standards. The court's acceptance of this proposition would require abstention from every proceeding involving a question of state law which conflicted with similar laws existing in other "enlightened" jurisdictions. Such a result would impermissibly widen the doctrine of abstention beyond its limited scope. The better view is that abstention should only be utilized under more compelling circumstances, such as when the state law issue is uncertain and the resolution of the issue affects a substantial state interest. The defendants' contention that the Tennessee law on acknowledgements is outdated does not connote that this law is unsettled. In fact, the Tennessee law on acknowledgements is apparently well-defined.

As Judge Neese of the District Court for the Eastern District of Tennessee observed in the case of *In the Matter of Viking Co.,* 389 F.Supp. 1230, 1233 (E.D.Tenn.1974), *aff'd* 510 F.2d 974 (6th Cir.1975):

> "There is a long line of cases holding that the certificate of the officer taking an acknowledgement under T.C.A. § 64–2207 must show that such officer is acquainted, or personally acquainted, with the bargainor making the acknowledgement, and that, without such a showing, the certificate of acknowledgement is a nullity, as is the registration of the instrument."

*Accord Lancaster v. Boatright,* 8 B.R. 363, 365–366 (Bkrtcy.E.D.Tenn.1980).[4]

Nor is the defendants' request for abstention enhanced by the argument that the jurisdictional issue raised by the *Northern Pipeline* decision will unduly delay the course of this proceeding. This court has already determined that it has jurisdiction to entertain this matter. *McAllester v. Aldridge,* Case No. 181–03033, Adv.Proc. No. 182–0505, slip op. at 2 (Bankr.M.D. Tenn. August 26, 1982). *See also Schneider v. 2–Star Foods, Inc. (In re Cumberland Enterprises, Inc., Northeast Enterprises, Inc. and Northeast Enterprises of Columbus, Inc.),* 22 B.R. 626 (Bkrtcy.M.D.Tenn.1982). If the court accepted the defendants' argument for abstention, then the court would be permitting the defendants to accomplish indirectly what they could not achieve through a direct attack on the jurisdiction of this court. Furthermore, should the court abstain from this proceeding, the court would necessarily have to abstain from any proceeding which perceivably could be delayed by the assertion of the jurisdictional question. Abstention on such grounds would be in direct controvention with the Supreme Court's concern in *Northern Pipeline* that the Court's decision should not disrupt the daily administration of the bankruptcy courts. *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* ——

U.S. at ——, 102 S.Ct. at 2880. *See also Schneider v. 2–Star Foods, Inc. (In re Cumberland Enterprises, Inc., Northeast Enterprises, Inc. and Northeast Enterprises of Columbus, Inc.),* 22 B.R. 626 at 630–31 (Bkrtcy.M.D.Tenn.1982). The court will accordingly deny the defendants' motion for reconsideration.

To accommodate the parties, the court will expeditiously entertain any other matters which any party wishes to bring before it. The court will, therefore, ORDER that any pleadings which parties wish to submit in this matter must be filed with this court within 15 days after the date that this order is entered. Each party will thereafter be given ten days to submit any responses to these pleadings to the court.

IT IS, THEREFORE, SO ORDERED.

---

**4.** This court refers to this authority only for the purpose of demonstrating that the law of Tennessee is well developed on the prerequisites for an acknowledgement in a deed. The court does not make any decision at this time as to the effect of this law on the deeds at issue in the present case.