In the Matter of Kenneth
BOUGHTON, Debtor.

Lawrence M. COOPER,
Trustee, Plaintiff,

v.

CORONET INSURANCE CO.,
Defendant.

No. 85 C 9788.

United States District Court,
N.D. Illinois, E.D.

March 7, 1986.

---

Lawrence M. Cooper and Thomas M. Cannon, Cooper & Cooper, Ltd., Chicago, Ill., for plaintiff.

Alvin R. Becker, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This matter is before the court on defendant Coronet Insurance Company's ("Coronet") motion to abstain pursuant to 28 U.S.C. § 1334(c)(1) and (2). For the following reasons, the court denies the motion to abstain.

### Proceedings in Bankruptcy Court

This lawsuit was instituted by Lawrence M. Cooper, the trustee for the estate of Kenneth Boughton, a debtor in bankruptcy. Cooper instituted this lawsuit against Coronet, Boughton's insurer, alleging that Coronet wrongfully refused to settle a lawsuit arising out of an automobile accident involving the debtor. Cooper alleges that Coronet's refusal to settle the claim resulted in a jury verdict for $33,750 over Boughton's policy limits. Boughton filed his petition in bankruptcy shortly after the entry of the judgment. *See Matter of Boughton*, 49 B.R. 312, 13 C.B.C.2d 44, 46 (Bkrtcy.N. D.Ill.1985).

After Cooper filed this adversary proceeding, Coronet filed a motion to dismiss for lack of jurisdiction, alleging that the suit is an unrelated, non-core proceeding. Alternatively, Coronet moved the court to abstain pursuant to 28 U.S.C. § 1334(c). On May 21, 1985, the bankruptcy court denied the motion on both grounds, 49 B.R. 312. The court rejected Coronet's jurisdictional challenge, concluding that,

> Although this case may not be a core proceeding as that term is described in 28 U.S.C. § 157(b)(2)(A) or (O), relating to the administration of the estate or proceedings affecting the liquidation of assets of the estate, it is a case "related to" a proceeding under Chapter 11.... In the instant case, debtor possessed an unliquidated cause of action against Coronet prior to the time that he filed for relief under the Bankruptcy Code. This cause of action, therefore, became property of the estate upon the filing of 11 U.S.C. 541.... [A]ny eventual recovery which may be had by the trustee will inure to the benefit of creditors. In this manner, a case is "related to" a proceeding under Title 11.

*Matter of Boughton*, 49 B.R. 312, 13 C.B. C.2d at 47–48. The bankruptcy judge also denied the motion to abstain, finding that the mandatory abstention provision in 28 U.S.C. § 1334(c)(2) was inapplicable, and the case did not present an appropriate circumstance for discretionary abstention. *Id.* 49 B.R. 312, 13 C.B.C.2d at 48–49.

Following the Bankruptcy Court's denial of its motion, Coronet filed an answer and jury demand. Discovery commenced, and Coronet then filed a motion for partial judgment on the pleadings, arguing that plaintiff's request for punitive damages should be stricken in accordance with Ill. Rev.Stat. ch. 73, § 767. After the parties briefed the issue of punitive damages before the bankruptcy court, the judge indicated that, due to Coronet's jury demand,

the lawsuit should be heard by the District Court.

On December 2, 1985, this court granted the plaintiff's motion to withdraw reference of this lawsuit from the bankruptcy court to the District Court. *See* 28 U.S.C. § 157. Coronet filed a motion urging this court to abstain under 28 U.S.C. § 1334(c)(1) and (2).[1]

### Mandatory Abstention

■ 28 U.S.C. § 1334(c)(2), the mandatory abstention provision, provides:

Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action would not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

Following the language of the statute, three requirements must be met before a court should abstain under this provision:

(1) The case is based on a state law claim or cause of action which although related to a Title 11 case did not arise under Title 11 or out of a Title 11 case;

(2) The case could not have been commenced in federal court absent the fact of a bankruptcy petition; and

(3) The action *is commenced* and can be timely adjudicated in a state forum of appropriate jurisdiction.

The plaintiff's claim satisfies the first two requirements of the statute, but fails to satisfy the third because there is no pending state action involving Boughton's claims against Coronet. Coronet argues, however, the § 1334(c)(2) can apply even if

there is no pending state lawsuit. The Bankruptcy Court rejected this argument, holding that in order to grant mandatory abstention under § 1334(c)(2), the case *must already be commenced* in state court. *Matter of Boughton,* 49 B.R. 312, 13 C.B.C.2d 44, 48 (Bkrtcy.N.D.Ill.1985). In *Boughton,* the court reasoned:

Coronet states that the cited language means "is commenced or *can be* commenced ... in a State forum." That is not, however, the impact of the language used. Had Congress wished to achieve that result, it undoubtedly would have known how to use language appropriate to that purpose.

*Id.* 49 B.R. 312, 13 C.B.C.2d at 48. This court concurs fully with the bankruptcy court's interpretation of the statute. *See also In re Illinois-California Express, Inc.,* 50 B.R. 232, 13 C.B.C.2d 324, 335 (Bkrtcy.D.Col.1985) ("elements for mandatory abstention under § 1334(c)(2) are present here except for the single criterion that a proceeding in the state forum has been commenced").

The cases cited by Coronet are inapposite; two cases involved prior state court proceedings (*Matter of Horace,* 54 B.R. 671 (1985); *State Bank of Lombard v. Chart House,* 46 B.R. 468 (N.D.Ill.1985)), and the third did not specifically address this issue (*In re Dakota Grain Systems, Inc.,* 41 B.R. 749 (Bkrtcy.D.N.D.1984)). Accordingly, the court concludes that the mandatory provision contained in § 1334(c)(2) is inapplicable to the instant proceeding, because there is no pending state lawsuit involving this claim.

### Discretionary Abstention

In addition to the mandatory provision, § 1334(c) also contains a section regarding discretionary abstention, which states:

Nothing in this section prevents a district court in the interest of justice, or in the

---

1. The plaintiffs assert that the bankruptcy judge's opinion is the law of the case, and therefore, this court is bound by it. This assertion is an incorrect statement of the law, however. The law is clear that a subsequent judge can reverse or modify the decision of a prior judge in a case. *Champaign-Urbana News v. J.L. Cummins,* 632 F.2d 680, 683 (7th Cir.1980); *Parmellee Transportation Co. v. Keeshin,* 292 F.2d 794, 797 (7th Cir.1961). *See also In re Pouch,* 769 F.2d 1190, 1198 (7th Cir.1985).

interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

28 U.S.C. § 1334(c)(1). This section is essentially a recodification of pre-existing law, which originated in *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), and was later codified in 28 U.S.C. § 1471(d). *See* 1 Collier's on Bankruptcy § 3.01[3][a] at p. 3–43 (15th Ed.1985).

Coronet requests this court to abstain on the grounds that the issue of whether Ill. Rev.Stat. ch. 73 § 767 precludes punitive damages in a suit alleging wrongful refusal to settle has produced conflicting opinions in the Illinois appellate courts and the district courts who have interpreted it. Coronet urges this court to refrain from adding yet another opinion to the confusion engendered by this issue, arguing that Illinois state courts are best equipped to resolve the dispute.

When this motion was before the Bankruptcy Court, it declined to abstain, concluding that:

It has long been recognized in Illinois that, where the amount of damages is likely to exceed policy limits, the insurer has a duty to settle within the policy limits or face an excess liability claim for breach of duty owed the insured. *Krutsinger v. Illinois Casualty Co.*, 10 Ill.2d 518, 141 N.E.2d 16 (1957). The insurer has a duty to give the insured's interests at least as much deference as its own where the recovery may exceed policy limits. *Adduci v. Vigilant Ins. Co.*, 98 Ill.App.3d 472, [53 Ill.Dec. 854] 424 N.E.2d 665 (1981). The mere fact of entry of the excess judgment against the insured may constitute damage and harm sufficient to permit recovery. *Id.*

*Matter of Boughton*, 49 B.R. 312, 13 C.B. C.2d at 49. The court also noted that this issue had been recognized and construed in the Seventh Circuit (*see General Casualty Co. of Wisconsin v. Whipple*, 328 F.2d 353

(7th Cir.1964)), and therefore did not involve any issues of unsettled state law. *Id.*

The bankruptcy court's opinion considered only the threshold issue of whether Illinois recognized this cause of action. It did not, however, address whether Ill.Rev. Stat. ch. 73, § 767 limited the scope of plaintiff's recovery against Coronet on its wrongful refusal to settle claim. Therefore, this court must address the conflicting interpretations of this statute in order to determine whether abstention would be appropriate in the present case.

Ill.Rev.Stat. ch. 73, § 767 provides in pertinent part:

In an action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $5000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

The court has reviewed the cases cited by defendants and acknowledges the conflict within the Illinois appellate districts and the federal district courts over the proper interpretation of this statute. These courts have adopted three conflicting positions with regard to the interpretation of this statute.[2] One group interprets Section 767 as preempting any independent tort for compensatory or punitive damages. *See, e.g., Tobolt v. Allstate Ins. Co.*, 75 Ill.

---

2. The Illinois Supreme Court has never rendered a definitive interpretation of the statute.

App.3d 57, 30 Ill.Dec. 824, 393 N.E.2d 1171 (1st Dist.1979); *Debolt v. Mutual of Omaha,* 56 Ill.App.3d 111, 13 Ill.Dec. 656, 371 N.E.2d 373 (3d Dist.1978); *Strader v. Union Hall, Inc.,* 486 F.Supp. 159 (N.D.Ill. 1980); *Abbott Laboratories v. Granite State Ins. Co.,* 573 F.Supp. 193 (N.D.Ill. 1983). A second group holds that Section 767 does not bar a separate tort action for compensatory or punitive damages. *See, e.g., Ledingham v. Blue Cross Plan for Hospital Care,* 29 Ill.App.3d 339, 330 N.E.2d 540 (5th Dist.1975), *rev'd on other grounds,* 64 Ill.2d 338, 356 N.E.2d 75 (1976); *Roberts v. Western Southern Life Ins. Co.,* 568 F.Supp. 536 (N.D.Ill.1983); Durham, *Section 767 of the Illinois Insurance Code: Does It Preempt Tort Liability?,* 16 J.Marsh.L.Rev. 471 (1983). The third group adopts a middle ground, holding that Section 767 preempts claims for punitive damages, but not compensatory damages. *See, e.g., Hoffman v. Allstate Ins. Co.,* 85 Ill.App.3d 631, 40 Ill.Dec. 925, 407 N.E.2d 156 (2d Dist.1980); *Barr Co. v. Safeco Ins. Co.,* 583 F.Supp. 248 (N.D.Ill. 1984).

■ Despite this inconsistency in interpretation of Section 767, the court concludes that abstention would not be appropriate in this case. Given the uncertainty of the law, one more decision by the federal court will not unduly conflict with the interests of Illinois in developing its policy on this issue. *See In re DeLorean Motor Co.,* 49 B.R. 900, 909–911 (Bkrtcy.E.D.Mich. 1985); *In re Anderson,* 24 B.R. 640, 644 (Bkrtcy.M.D.Tenn.1982).

■ As the bankruptcy court noted, one consideration on a motion for abstention is whether the outcome of the proposed litigation will have any effect on the estate. *Matter of Boughton,* 49 B.R. 312, 13 C.B. C.2d 44, 49 (Bkrtcy.N.D.Ill.1985). *See also United American Bank v. Debeaubien,* 27 B.R. 713, 716 (Bkrtcy.E.D.Tenn.1983); *Benchic v. Century Entertainment Corp.,* 25 B.R. 502 (Bkrtcy.S.D.Ohio 1982). Boughton's bankruptcy is a no-asset case. Any judgment Cooper obtains will inure to the benefit of creditors. The court therefore declines to send this case, which is over a year old, to the state courts for resolution of a claim that this court is equally capable of resolving.

Furthermore, the court finds that the delay which would be caused by an abstention order is an additional factor which militates against abstention in the present case. *See In re Arnold Printworks, Inc.,* 54 B.R. 562, 569 (Bkrtcy.D.Mass.1985). The complaint in this lawsuit is over a year old. The parties have already begun discovery in the bankruptcy court. Sending the lawsuit to state court would create an additional substantial delay in the resolution of the estate's claim against Coronet. Under the circumstances of this case, neither the interests of justice nor the interests of comity with state courts support abstention from the instant lawsuit.

### Conclusion

Accordingly, the court denies defendant's motion for abstention. Defendants are instructed to respond to the complaint within 21 days of this order.