**In re SHELLY'S INC., Debtor.**

**SHELLY'S, INC., Plaintiff,**

**v.**

**FOOD CONCEPTS OF WISCONSIN, INC., et al., Defendants.**

**Bankruptcy No. 2–88–03103.**
**Adv. No. 2–88–0184.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Feb. 27, 1989.

See also, Bkrtcy., 87 B.R. 931.

James R. Vaughn, Wesp, Osterkamp & Stratton, Columbus, Ohio, for Shelly's, Inc.

J. Gary Coffman, Mark A. Leiendecker, Teaford, Rich, Belskis, Coffman & Wheeler, Columbus, Ohio, for Food Concepts of Wisconsin, Inc., David Boxer, Richard D. Turcott, M.D., and Carol J. Danninger, M.D.

Charles M. Caldwell, Office of The U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

OPINION AND ORDER ON MOTION TO DETERMINE CORE STATUS OF DEBTOR'S AMENDED COMPLAINT

R. GUY COLE, Jr., Bankruptcy Judge.

I. *Preliminary Statement*

This matter is before the Court upon the Motion to Determine Core Status of Debt-

or's Amended Complaint ("Motion") filed by the defendants in this adversary proceeding—Food Concepts of Wisconsin, Inc., David Boxer, Richard D. Turcott, M.D., and Carol J. Danninger, M.D. (collectively "Defendants"). Defendants' Motion seeks a ruling by this Court that the lawsuit filed by the plaintiff, Shelly's, Inc. ("Shelly's" or "Debtor"), is not a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (2). Shelly's has filed a memorandum in opposition to Defendants' Motion, arguing that its action against Defendants is a core proceeding which the Court may hear and determine. Alternatively, Shelly's argues that if this lawsuit is determined to be non-core, the Court should hear this matter and submit proposed findings of fact and conclusions of law to the District Court pursuant to 28 U.S.C. § 157(c)(1).

## II. *Statement of Undisputed Facts*

The facts pertaining to the jurisdictional issues raised by the Motion are undisputed. Shelly's, the debtor-in-possession in the pending Chapter 11 case of *In re Shelly's, Inc.,* 87 B.R. 931 (Bkrtcy.S.D.Ohio 1988), has filed the instant adversary proceeding seeking compensatory damages from the Defendants in the amount of $3,000,000, punitive damages of $1,000,000 and various forms of equitable relief. Count One of Debtor's complaint contains a claim arising from Defendants' alleged breach of a "Franchise Agreement" executed by and between Defendants and Shelly's pre-petition. Count Two of the complaint alleges that Defendants also breached a "Development Agreement" which was likewise executed on a prepetition basis. A cause of action predicated upon common law fraud is asserted by Shelly's in the third and final count of its complaint.

In addition to raising the instant issues regarding the Court's subject matter jurisdiction, Defendants have also generally denied the allegations of Shelly's complaint and have raised a variety of affirmative defenses in their answer thereto. Defendants have demanded a trial by jury of the issues raised in Debtor's complaint.

## III. *Legal Discussion*

In addressing the jurisdictional issues raised by the Motion, the Court relies on its recent decision in *United Security & Communications, Inc. v. Rite Aid Corporation (In re United Security & Communications, Inc.),* 93 B.R. 945 (Bankr.S.D.Ohio 1988). In *United Security,* the Court was presented with a factual setting that was virtually identical to that before the Court in this case. Like Shelly's, the debtor in *United Security* filed an adversary proceeding based upon a state law breach of contract that arose prepetition. The asserted jurisdictional predicate for the action brought by the debtor in *United Security* was two-fold: (1) the so-called "catch-all" provisions of 28 U.S.C. § 157(b)(2)(A) and (O); and (2) § 157(b)(2)(E)—which provides that a turnover proceeding is a core matter. In ruling that the debtor's lawsuit in *United Security* was a non-core proceeding, the Court undertook an extensive analysis of bankruptcy court jurisdiction in the wake of the United States' Supreme Court decision in *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and Congress' subsequent enactment of the Bankruptcy Amendment and Federal Judgeship Act of 1984 ("BAFJA"). Judicial economy dictates that this Court not duplicate its effort in *United Security* here. Suffice it to say that the instant factual situation is on all fours with that presented in *United Security.* And, the jurisdictional bases asserted by Shelly's here—28 U.S.C. § 157(b)(2)(A), (E) and (O)—are identical to those relied upon by the debtor in *United Security.* For the reasons set forth by the Court in *United Security* in rejecting arguments identical to those asserted by Shelly's here, the Court hereby rules that this action may not be properly classified as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), or (O). *See, United Security,* 93 B.R. at 956–959. Accordingly, the Court hereby determines that this adversary proceeding is a non-core, related proceeding. *See,* 28 U.S.C. § 1334(b); *United Security,* 93 B.R. at 952.

Having found Shelly's action against the Defendants to be a non-core, related pro-

ceeding, the Court shall turn to Shelly's request that the Court hear this lawsuit and submit proposed findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1). Alternatively, this Court may recommend abstention pursuant to 28 U.S.C. § 1334(c)(1). The factors which should inform a bankruptcy court's decision regarding discretionary abstention were articulated in *United Security* as follows:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable state law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of [the Court's] docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of nondebtor parties.

*United Security*, 93 B.R. at 960–61 (citing *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.)*, 81 B.R. 422, 429 (Bankr.S. D.Tex.1987)).

Applying the foregoing factors to this case, the Court determines that abstention is appropriate. Shelly's complaint presents issues of state law only. No claim or right granted by the Bankruptcy Code is in issue in the case *sub judice*. Further, construction of the Wisconsin Franchise Law will be necessary to adjudicate such claims. Needless to say, this Court has no experience in construing the law of Wisconsin (much less the Wisconsin Franchise Law) which will govern resolution of the claims in dispute. The difficulty or unsettled nature of applicable state law is a prime factor to be considered by a bankruptcy court in its abstention analysis. *See, e.g., Ram Const. Co., Inc. v. Port Authority of Allegheny County*, 49 B.R. 363, 367 (W.D.Pa.1985); *Cooper v. Coronet Ins. Co. (Matter of Boughton)*, 60 B.R. 373, 376–77 (N.D.Ill. 1986); *In re Earle Indus., Inc.*, 72 B.R. 131, 133 (Bankr.E.D.Pa.1987).

The Court also is not persuaded that litigation of the lawsuit between Shelly's and Defendants in a non-bankruptcy forum would unduly delay the administration of this case. Given the Court's heavy docket, this matter doubtless would not be tried for at least six to nine months. Further, the Court's experience in referring proposed findings of fact and conclusions of law to the District Court indicates that substantial delay is inherent in this procedure given the district court's busy docket. Accordingly, it cannot be seriously argued that the procedure requested by Shelly's—submission of proposed findings of fact and conclusions to the District Court—would have a more salutary effect upon the efficient administration of the Chapter 11 case than if this action were tried in another forum.

Finally, and perhaps most important, Defendants have demanded a trial by jury. The Court leans heavily in favor of abstention in cases in which a jury demand is made due to the potential for needless duplication of judicial time and effort which would attend such a procedure. If this Court determined that it could conduct a jury trial (*see, United Security*, 93 B.R. at 961 n. 8), the findings of fact and conclusions of law derived therefrom would be subject to *de novo* review and conceivably a second jury trial in district court. 28 U.S.C. § 157(c)(1). Where the possibility of a mere advisory jury trial exists, abstention

is an appropriate means of avoiding a wasteful expenditure of judicial resources. *See, Smith–Douglass, Inc. v. Smith (In re Smith–Douglass, Inc.),* 43 B.R. 616 (Bankr. E.D.N.C.1984); *United Security,* 93 B.R. at 961 n. 8.

On balance, under the circumstances of the present case, abstention pursuant to 28 U.S.C. § 1334(c)(1) is called for. Accordingly, the Clerk of the Bankruptcy Court is hereby directed to transmit this opinion, which shall serve as this Court's report and recommendation on abstention pursuant to B.R. 5011(b), to the Clerk of the District Court for the Southern District of Ohio, Eastern Division, for assignment to a district judge. The Clerk shall defer transmittal of this report and recommendation to the District Court until such time as it has been served upon all parties and the ten-day objection period prescribed by B.R. 9033(b) has expired.

IT IS SO ORDERED.