**In the Matter of TOTAL TECHNICAL SERVICES, INC., Debtor.**

**In re TTS, INC., Debtor.**

**TTS, INC. and Total Technical Services, Inc., Plaintiffs,**

v.

**George R. STACKFLETH and Vaughn W. Duff, Defendants.**

**Bankruptcy Nos. 89–413, 89–414. Adv. Nos. 89–111, 89–112.**

United States Bankruptcy Court, D. Delaware.

May 11, 1992.

Stephen W. Armstrong, Philadelphia, Pa., Richard G. Elliott, Jr., Wilmington, Del., for debtors/plaintiffs.

Norman L. Pernick, Wilmington, Del., for Vaughn W. Duff, defendant.

B. Alan Seidler, Nyack, N.Y., Steven Goldberg, Wilmington, Del., for George R. Stackfleth, defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

The Debtors, TTS, Inc. and Total Technical Services, Inc., filed a complaint against George R. Stackfleth and Vaughn W. Duff. Defendant Stackfleth has moved to dismiss the complaint for lack of subject matter jurisdiction and personal jurisdiction or alternatively for this court to abstain pursuant to 28 U.S.C.A. § 1334. Defendant Duff has moved to dismiss for lack of subject matter jurisdiction, to abstain pursuant to 28 U.S.C.A. § 1334, and in the alternative, to transfer venue to the District of New Jersey. The material facts and legal issues in the two motions are sufficiently similar to warrant resolution of both in this one decision.

### I. Facts.

On Defendants' motions to dismiss, the court accepts all well-pleaded allegations of the Plaintiffs as true. In connection with the other motions, the court considers the facts the parties concede and the facts to which they stipulate in their pleadings and briefing. Debtor TTS, Inc. is a New York corporation with its principal place of business in Blue Bell, Pennsylvania. Debtor Total Technical Services, Inc., a wholly-owned subsidiary of TTS, is a Delaware corporation with its principal place of busi-

ness in Blue Bell, Pennsylvania. Defendant Stackfleth resides in New York. Defendant Duff resides in New Jersey. Both were officers of one or both of the Debtors.

On approximately July 1, 1989, Stackfleth filed a wrongful discharge action against both Debtors in the Supreme Court of the State of New York, County of Rockland, seeking actual damages of $318,076.65 ("the New York litigation"). The Debtors filed Chapter 11 petitions in this court on July 14, 1989. On January 22, 1990, an action alleging violations of federal and state securities law entitled *Saltzman Partners & O'Rourke v. Stackfleth* was filed in United States District Court for the District of New Jersey ("the *Saltzman* litigation"). Stackfleth and Duff are among the named defendants in that action.

The Debtors' complaint filed in December 1989 alleges that each Defendant used his position and authority as a corporate officer in a deliberate manner to enrich himself at the expense of the Debtors. The complaint contains 11 counts. Counts I through VII, and IX state claims of fraud, mismanagement, waste, diversion, misappropriation, self-dealing, and breach of fiduciary duty against either or both Stackfleth and Duff, and seek damages in excess of $375,000. Count VIII claims Stackfleth and Duff aided and abetted each other in furtherance of the conduct alleged in the other counts. Count X seeks an accounting of corporate assets, and count XI seeks punitive damages for each of the stated claims.

II. *This Court Has Related Jurisdiction Of This Proceeding.*

Both Defendants move to dismiss for lack of subject matter jurisdiction. Title 28, section 1334(b) grants the district court jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Title 28, section 157(a) allows the district court to refer to the bankruptcy court "all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case

under title 11...." Title 28, section 157(b)(1) states:

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11....

Stackfleth, apparently oblivious to these statutes, argues that this court has no jurisdiction because the complaint does not involve a federal question, nor is there diversity between the parties. As the above quoted language indicates, his argument is irrelevant and has no merit.

Duff acknowledges the above statutes, but argues that the proceeding against him is not core, nor is it related to a case under title 11. Debtors contend that their complaint initiated a core proceeding.

■ Debtors first argue the adversary proceeding against Stackfleth is core because of 28 U.S.C.A. § 157(b)(2)(C): "Core proceedings include ... counterclaims by the estate against persons filing claims against the estate." Stackfleth filed a proof of claim on August 14, 1989, in the amount of $318,076.65. Debtors' complaint against Stackfleth was filed on December 8, 1989. Debtors imaginatively argue that this adversary proceeding is a "counterclaim" to Stackfleth's claim.

Bankruptcy Code section 502(a) and Rule 3007 govern the procedure for a debtor's response to a claim. Rule 3007 requires a debtor to include any counterclaim with its objection to the claim by joining with its objection "a demand for relief." The Debtors filed an objection to the proof of claim on January 22, 1991, well after the filing of the complaint against Stackfleth. The objection was not joined with a demand for relief, but merely referred to section 502(d) of the Bankruptcy Code as the ground for disallowing the claim. The complaint makes no reference to the proof of claim. Under these circumstances, this adversary is not a "counterclaim" within the meaning of § 157(b)(2)(C), and that section therefore cannot make this proceeding core. Because the adversary is not a counterclaim, any reliance by the Debtors upon *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) is equally misplaced.

Debtors alternatively argue that their claims against both Defendants is a proceeding to recover fraudulent conveyances, or to recover preferences and is therefore a core proceeding as to both Defendants pursuant to 28 U.S.C.A. § 157(b)(2)(H) ("Core proceedings include ... proceedings to determine, avoid, or recover fraudulent conveyances") and § 157(b)(2)(F) ("Core proceedings include ... proceedings to determine, avoid, or recover preferences"), respectively. Debtors' claims are not based on 11 U.S.C. § 548 (fraudulent transfer action) or § 547 (preference action). The claims are based solely upon state law concepts as previously described in Section I, *supra.* Debtors rejoin that their state law actions are in the nature of an action pursuant to § 547 and § 548, and should therefore be considered core under either subsection (F), (H), or (O) ("other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship ...") of § 157(b)(2). Debtors have not cited any cases from the Third Circuit to support these related propositions.[1]

The parties do cite and acknowledge the significance of *Hatzel & Buehler v. Orange & Rockland Utilities*, 107 B.R. 34 (D.Del.1989). In that case, debtor H & B commenced an adversary proceeding against O & R alleging several breach of contract and tortious interference claims based on New York state law. The court rejected H & B's argument that the proceeding was core under § 157(b)(2). *Id.* at 39–40. It observed that the claims arose independent and antecedent to the filing of the bankruptcy petition, were created by state law, did not involve any interpretation of the Bankruptcy Code, and were not otherwise related to the underlying pending bankruptcy proceeding. Furthermore, but for H & B's fortuitous filing of the petition, the claims would have been brought in a District or State court. Finally, because of the contingent nature of the litigation, the litigation would not necessarily form the basis of a distribution to the general creditor body, and therefore, the claims did not directly affect the administration of the estate. *Id.* at 36 & n. 1, 39–40.

The material facts here are identical to those in the *H & B* case. The Debtors' claims arise under state law, are independent and antecedent to the Chapter 11 filings, and do not require interpretation of the Bankruptcy Code. Defendants do not concede the merits of the claims, so that the claims are contingent. And absent the Chapter 11 petitions, the Debtors could have filed the same action in New York State Court. Indeed, Stackfleth filed a related action in that Court before the Debtors filed their Chapter 11 petitions. To the extent that Debtors attempt to distinguish *H & B*, their attempts are not persuasive, and I hold that the proceeding is non-core.

 Duff further argues that the proceeding is not "related to" a case under title 11. 28 U.S.C.A. § 1334. A proceeding is "related" if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). If Debtors are at all successful, additional funds will be available to pay creditors of the estate. The proceeding is related.

III. *This Court Has Personal Jurisdiction Over The Defendants.*

Stackfleth has moved to dismiss the proceeding for lack of personal jurisdiction. He presents no comprehensible argument in support of this motion, and in any event, the motion is without merit.

IV. *This Court Will Not Rule On The Motion To Withdraw Reference.*

██ Duff's briefing suggests this court should withdraw reference of the proceedings. First, no such motion was filed in this court. Moreover, only the United

---

1. Debtors have cited several cases from other jurisdictions. To the extent that they discuss the core/noncore issue, practically all these cases involved claims based solely on bankruptcy law, or a combination of bankruptcy and state law. Also, the core/non-core issue is an area where the Circuits' views are not in accord, and law from other Circuits have decreased significance here.

States District Court can withdraw a matter referred to this court. 28 U.S.C.A. § 157(d).

## V. *Stackfleth's Request For Relief From Stay Is Not Before The Court.*

Stackfleth's motion to dismiss includes a request for this court to lift the automatic stay to allow the New York litigation to proceed. No motion to lift the automatic stay was separately filed, nor was the motion properly noticed. Bankr.R. 4001(a); General Order No. 6 (Bankr.D.Del. Aug. 1, 1983). Thus that motion is not properly before this court and will not be considered.

## VI. *Mandatory Abstention Will Not Be Applied.*[2]

■ The Defendants also move this court to abstain pursuant to 28 U.S.C.A. § 1334(c)(2) (mandatory abstention). Section 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

As previously discussed, the proceeding is based upon State law, and is only related to a case under title 11.

Mandatory abstention does not apply, however, because an action has not previously been commenced in a State forum, as § 1334(c)(2) requires. *In re Container Transport, Inc.*, 86 B.R. 804, 806 (E.D.Pa. 1988). Defendants initially rely upon the *Saltzman* litigation as satisfying this requirement, however, that action is in *federal*, not *state* court. Defendants also rely upon the New York litigation, however,

they do not even contend that that action parallels the substance of the adversary proceeding Debtors have filed in this court. Therefore, the New York litigation does not constitute "an action" within the meaning of § 1334(c)(2).

## VII. *The Court Abstains pursuant to Section 1334(c)(1).*

■ Defendants alternatively move this court to abstain pursuant to 28 U.S.C. § 1334(c)(1) (discretionary abstention). The parties agree the court should consider the following factors in determining whether to abstain:

1. The effect or lack thereof on the efficient administration of the estate if the court recommends abstention;

2. The extent to which state law issues predominate over bankruptcy issues;

3. The difficulty or unsettled nature of the applicable state law;

4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;

5. The jurisdictional basis, if any, other than 28 U.S.C.A. § 1334;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The substance rather than form of an asserted "core" proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. The burden of the court's docket;

10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. The existence of a right to a jury trial; and

---

**2.** The rulings in this Section and in Section VII are final orders. Bankr.R. 5011(b) (amended

August 1, 1991).

 

12. The presence in the proceeding of nondebtor parties.

*Shelly's Inc. v. Food Concepts of Wisconsin, Inc. (In re Shelly's Inc.)*, 97 B.R. 370, 372 (Bankr.S.D.Ohio 1989).

Factors one, two, four, five, eight, nine and eleven all favor abstention. Given this court's heavy docket, Debtors' claims can be administered in another court at least as quickly. There are no bankruptcy issues present in this adversary proceeding. At least one related proceeding has been commenced in a non-bankruptcy court. Debtors concede that they and Stackfleth are citizens of New York State, so that complete diversity as required by 28 U.S.C.A. § 1332 does not exist, nor is there any other independent ground for jurisdiction. Defendant Duff has indicated he will request a jury trial.

Factors three, six, seven, ten and twelve do not favor either party. The parties do not agree on the applicable law, so the nature of the state law is impossible to ascertain. And the court will not speculate as to Debtors' motive for filing these adversaries in this court.

In sum, consideration of the above twelve factors overwhelmingly favors abstention pursuant to § 1334(c)(1).

VIII. *Conclusion*

In light of the above rulings and recommendations, it is not necessary to discuss the other issues the parties raise. An order in accordance with this Memorandum Opinion is attached.

### ORDER

AND NOW, May 11, 1992, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. The motion of the Defendants to dismiss for lack of subject matter jurisdiction is DENIED.

2. The motion of Defendant Stackfleth to dismiss for lack of personal jurisdiction is DENIED.

3. The motion of the Defendants for this court to abstain pursuant to 28 U.S.C.A. § 1334(c)(2) is DENIED.

4. The motion of the Defendants for this court to abstain pursuant to 28 U.S.C.A. § 1334(c)(1) is GRANTED.