**In the Matter of CONTINENTAL AIRLINES, INC., et al., Debtors.**

**CONTINENTAL AIRLINES, INC., et al., Plaintiffs,**

v.

**Marlyn ALLEN, et al., Defendants.**

**Bankruptcy Nos. 90–932, 90–984. Adv. No. 93–27.**

United States Bankruptcy Court, D. Delaware.

July 20, 1993.

Felice Glennon, Wilmington, DE, Richard S. Shaffer, Aurora, CO, Richard A. Winkel, Denver, CO, for movants.

Christian C. Onsager, Denver, CO, Laura Davis Jones, Robert S. Brady, Wilmington, DE, for debtors.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

This is the Court's decision on the Motion to Abstain and To Remand to State Court or in the Alternative for Change of Venue filed by Marlyn Allen, *et al* (Movants or Allen Group).

### Background

The Allen Group is a group of 40, or more [1], former Frontier Airlines' employees who in October, 1988 filed a civil action in the District Court for the City and County of Denver, Colorado against Continental Airlines, Inc., *et al.* (Debtors), other entities, and certain individuals. Their seventeen count complaint alleges various tort claims arising from the purchase of Frontier Airlines by People Express in 1985, the demise of Frontier Airlines, and the Frontier–Continental Job Preservation and Litigation Settlement. When Debtors filed for bankruptcy protection on December 3, 1990 the Allen Group's action was automatically stayed pursuant to section 362(a) of the Bankruptcy Code.[2] On January 1, 1993 Debtors commenced an Adversary Proceeding in this Court, seeking the disallowance of the Allen Group's claims or alternatively, the subordination of a portion of those claims. On March 3, 1993 the Allen Group filed the motion at issue, requesting that this Court abstain from determining their claims, remand the case to Denver District Court, or alternatively, transfer venue to the Colorado Bankruptcy Court. Subsequent to the filing of this motion, Debtors' Revised Second Amended Joint Plan of Re-

organization (Plan) was confirmed by this Court.

### Contentions of the Parties

The Allen Group maintains that this Court must abstain (mandatory abstention) from adjudicating their claims for the following reasons: first, the underlying action is based on state law tort claims and although it relates to Title 11, did not arise under Title 11; second, there is no independent basis for federal jurisdiction; third, this action was pending in state court prior to debtors' Chapter 11 filing; and fourth, the case could be timely adjudicated in state court.

Movants alternatively contend that discretionary abstention is appropriate under the present facts. According to the Allen Group, the proceedings at issue are more properly tried in Colorado because the action is presently pending in the Colorado District Court; the events giving rise to the Allen Group's claims occurred in Colorado and involve Colorado law; the Allen Group has requested a jury trial; Movants and a majority of their witnesses are located in Colorado; and the District Court in Colorado is familiar with issues involved in this matter.

As a second alternative, the Allen Group requests that the Court transfer venue to the United States Bankruptcy Court for the District of Colorado.

Debtors reject the Allen Group's contention that the Court must abstain from hearing the action at issue. They argue that the resolution of Movants' claims is a core proceeding and thus, mandatory abstention is inapplicable.

Debtors also submit that discretionary abstention is unwarranted, arguing that adjudication in another forum would slow the administration of Debtors' bankruptcy case. Moreover, they contend that nothing about the Allen Group's state law claims is

---

1. Movants' brief states that there are 51 plaintiffs in the underlying suit, whereas Debtors' brief refers to 40 plaintiffs.

2. On September 13, 1989 the Denver District Court dismissed Movants' action. Their appeal was pending in the Colorado Court of Appeals when Debtors filed their Chapter 11 petitions on December 3, 1990 and was consequently stayed as to Debtors. Subsequently, this court lifted the automatic stay to enable the Colorado appellate court to rule as to Debtors. The Court of Appeals reversed the dismissal and remanded the case back to the Denver District Court where it remains pending.

unique to Colorado state law; rather, it is likely, based on an earlier finding by Denver District Court with regard to the Allen Group's suit against United Airlines, that the Colorado Court will find that federal labor law preempts the state law causes of action and therefore, the state court lacks jurisdiction. Finally, Debtors maintain that most of Movants' claims are derivative and were eliminated under the terms of Debtors' confirmed Plan of Reorganization.

In response to Movants' alternative request for a transfer of venue, Debtors argue that the Allen Group has not demonstrated, as it must, that the balance of convenience clearly weighs in favor of a transfer of venue. Absent such proof, Debtors maintain that all matters involving the bankruptcy should be tried in the forum where the bankruptcy is pending. Additionally, although the Colorado Bankruptcy Court is familiar with issues raised by the Frontier transactions and germane to Movants' claims, Debtors contend that evaluation of those claims will involve a determination of their derivative nature and their release under Continental's Plan and thus, should be determined by this Court.

*Discussion*

██ Bankruptcy judges may choose to abstain from hearing and deciding a proceeding arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code under certain circumstances. *TTS, Inc. v. Stackfleth (Matter of Total Technical Services, Inc.)*, 142 B.R. 96 (Bankr.D.Del.1992); *In re Fulda Independent Co-op*, 130 B.R. 967 (Bankr. D.Minn.1991). Specifically, subsection (c)(1) of section 1334 of the Bankruptcy Code provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

██ In determining whether abstention is appropriate under section 1334(c)(1), courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

*TTS, Inc. v. Stackfleth (Matter of Total Technical Services, Inc.)*, 142 B.R. at 101–02; *Citicorp Sav. of Ill. v. Chapman (In re Chapman)*, 132 B.R. 153, 157–158 (Bankr.N.D.Ill.1991); *Shelly's Inc. v. Food Concepts of Wisconsin, Inc. (In re Shelly's Inc.)*, 97 B.R. 370, 372 (Bankr.S.D.Ohio 1989).

██ In the matter at issue, several factors (one, four, six, eight, nine, eleven, and twelve) favor abstention. Since Debtors' Plan of Reorganization has been confirmed and a reserve fund is established pursuant to the Plan for claims resulting from litigation of contested matters, abstention would not negatively impact the administration of Debtors' estate. This matter is the subject of pending litigation in the Colorado District Court. That litigation arises from a pre-petition lawsuit and is raised as a contingent, unliquidated claim; thus, it is not closely related to the main case, and it is clearly possible to adjudicate liability in one forum and enforcement in bankruptcy court. In this regard, it should be noted

that Debtors' argument concerning the elimination of derivative claims by the Plan goes to the allowance of claims by the bankruptcy court and not the decision on liability by a state court. This Court's docket is overburdened and, as previously noted, the matter is pending in Denver. Defendants have requested a jury trial. Finally, Movants are non-debtor parties, many of whom reside in the Denver area.

The remaining factors favor neither party. Although Defendants' complaint is based primarily on state law causes of action, the question of federal preemption is likely to be raised. This Court, therefore, will not evaluate the nature of the applicable law nor determine whether there is jurisdiction in federal court absent section 1334. Finally, although Movants submit that Debtors' effort to have this Court decide this matter is an effort at forum shopping, this Court will not speculate as to Debtors' motive for filing an Adversary Proceeding in this Court.

*Conclusion*

Based on the foregoing analysis, the Court finds that abstention from this matter pursuant to section 1334(c)(1) is appropriate. Given the current strain on this Court's calendar, adjudication of a matter currently pending in another forum is clearly a waste of scarce judicial resources.

Movants' request for remand to state court is unnecessary. Section 1452 of title 28 provides authority for a bankruptcy court to remand a civil cause of action removed to that bankruptcy court. *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir.1984). In this case, however, there was no removal from Denver District Court; the matter remains pending in that forum.

Having determined that discretionary abstention is appropriate under the facts of this case, the Court finds it unnecessary to reach the other arguments of the parties.