### In re OMNA MEDICAL PARTNERS, INC., et al., Debtors.

### Omna Medical Partners, Inc., Plaintiff,

### v.

### Carus Healthcare, P.A., et al., Defendants.

**Bankruptcy Nos. 00–1493 MFW through 00–1508 MFW. Adversary Nos. A–00–439 MFW and A–00–550 MFW.**

United States Bankruptcy Court, D. Delaware.

Dec. 14, 2000.

Norman L. Pernick, J. Kate Stickles, Saul, Ewing, Remick & Saul, LLP, Wilmington, DE, Jeff J. Marwil, Mark K. Thomas, Dawn M. Canty, Katten, Muchin, Zavis, Chicago, IL, for Omna Medical Partners, Inc.

Laura Davis Jones, Bruce Grohsgal, Pachulski, Stang, Ziehl, Young & Jones, Wilmington, DE, Michael S. Fox, Adam Friedman, Traub, Bonacquist & Fox, LLP, New York City, for Official Committee of Unsecured Creditors.

Anthony W. Clark, Skadden, Arps, Slate, Meagher & Flom, LLP, Wilmington, DE, Jay J. Madrid, R. Michael Farquhar, Winstead, Sechrest & Minick, P.C., Dallas, TX, for Carus Healthcare, P.A.

Robin E. Phelan, Michael L. Hood, Mark X. Mullin, Haynes & Boone, LLP, Dallas, TX, for defendant Doctors.

Mark D. Collins, Jennifer Harding, Richards, Layton & Finger, P.A., Wilmington, DE, for Fleet Capital Corporation.

## OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

### I. INTRODUCTION

Before the Court is the Motion for Abstention filed by the Defendants. By Opinion and Order dated June 12, 2000, we had previously granted the Defendants' Motion for Abstention. However on July 28, 2000, we granted the Motion for Reconsideration filed by Omna Medical Partners, Inc. ("the Debtor") because our prior decision was erroneously premised on the assumption that the Debtor had commenced

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

a foreclosure action in Texas state court.[2] Upon reconsideration of the issue of permissive abstention,[3] without that erroneous assumption, we conclude that our original decision to abstain under 28 U.S.C. § 1334(c)(1) was correct. We also reaffirm our decision to lift the automatic stay. We do, however, clarify our prior ruling at the Debtor's request to conclude that in the event that the Texas state court makes a final adjudication that the collateral is property of the Debtor's estate, the matter should be returned to this Court so that we may enforce the Debtor's rights.

## II. BACKGROUND FACTS

The facts of this case are stated in our June 12, 2000, decision, except for the following: After asserting that Carus was in breach of the MSA, the Debtor did not commence a state foreclosure action. Instead, it conducted a public sale under Texas state law of the collateral which secured the obligations of Carus. While the sale was pending, Carus and the other Defendants filed suit in the Texas state court seeking to enjoin the sale. The Debtor completed the sale but has not taken possession of the collateral. After filing bankruptcy, the Debtor commenced two adversary proceedings in which it sought to compel the Defendants to turn over the collateral pursuant to section 542 of the Code and asked for an order enforcing the automatic stay.

## III. DISCUSSION

### A. Permissive Abstention

■ As we stated in the June 12, 2000, decision, there are twelve factors which courts consider in deciding issues of permissive abstention:

(1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

*Continental Airlines, Inc. v. Allen (In re Continental Airlines, Inc.)*, 156 B.R. 441, 443 (Bankr.D.Del.1993); *TTS, Inc. v. Stackfleth (In re Total Technical Svcs., Inc.)*, 142 B.R. 96 (Bankr.D.Del.1992).

Although the Defendants, and not the Debtor, commenced the Texas state action, our findings as to many of the factors have not changed.

(1) A proceeding was already commenced by the Defendants in Texas state court. We do not find that the efficient administration of the bankruptcy estate will be disrupted by the litigation in the Texas state court.

---

2. *See, e.g., Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 908 (3d Cir.1985) ("The purpose of a motion for reconsideration is to avoid manifest errors of law or fact or to present newly discovered evidence").

3. In its original motion, the Defendants had also sought mandatory abstention and transfer of venue under 28 U.S.C. § 1334(c)(2) and

28 U.S.C. § 1404(a), respectively. We denied the Defendants' motion for mandatory abstention on its merits, and denied the motion to transfer venue, as moot. Since we decided those issues in favor of the Debtor, and no motion to reconsider was filed by the Defendants, we do not address that aspect of our June 12, 2000, decision.

(2) Property rights are determined as a matter of state law. Additionally, the terms of the M.S.A. in question are governed by Texas state law. Therefore, Texas issues dominate the subject matter of the litigation.

(3) We are unaware of any unsettled or difficult question of Texas state law; however, the Texas state court is the better forum to decide such an issue, should one arise.

(4) Whether or not the Debtor commenced the action, there is a state court proceeding which has already commenced.

(5) This Court does not have any basis for jurisdiction other than 28 U.S.C. § 1334. In contrast, the contract at issue has a choice of law provision that provides for resolution in the Texas courts. Finally, there are sufficient contacts to satisfy a jurisdictional nexus to Texas. We therefore conclude, as we did before, that the jurisdictional considerations favor permitting the Texas court to decide the issue presently before it.

(6) and (7) We conclude that the adversaries are related to the main bankruptcy cases and constitute "core" proceedings.

(8) It is feasible (and in fact preferable) to allow the state court to conclude the case in front of it, leaving for this Court only a determination as to the effect of the bankruptcy filing on the parties' rights.

(9) Given this Court's heavy docket, the Texas state action can be administered in the Texas court at least as quickly as here.

(10) The filing of the adversary proceeding was not an attempt to forum shop by the Debtor.

(11) The right to a jury trial is not implicated.

(12) The Texas litigation involves non-debtor parties which, in addition to the Defendants, include the former and current officers and directors of the Debtor.

■ Evaluating the twelve factors is not a mathematical formula. *Trans World Airlines, Inc. v. Karabu Corp.*, 196 B.R. 711, 715 (Bankr.D.Del.1996). However, the factors favor abstention under 28 U.S.C. § 1334(c)(1). We, therefore, reaffirm our prior decision to abstain.

### B.  *Clarification*

Since the Debtor did not avail itself of the Texas state courts, it need not enforce its rights in the collateral only through those courts. Therefore, in the event that the Texas state court makes a final determination that the accounts receivable and other collateral at issue are property of the Debtor, all matters should be returned to this Court for enforcement of the Debtor's rights under the Bankruptcy Code.

### III.  *CONCLUSION*

For the foregoing reasons, we reaffirm our prior decision and grant the Defendants' motion to abstain under the doctrine of discretionary abstention and clarify our prior Order as stated above.