In re INTEGRATED HEALTH
SERVICES, INC., et al.,
Debtors.

Official Committee of Unsecured Credi-
tors of Integrated Health Services,
Inc., on behalf of the Debtors' Bank-
ruptcy Estates, Plaintiff,

v.

Robert N. Elkins, Lawrence P. Cirka,
Edwin M. Crawford, Kenneth M. Ma-
zik, Robert A. Mitchell, Charles W.
Newhall, III, Timothy F. Nicholson,
John L. Silverman, George H. Strong,
Defendants,

and

Integrated Health Services, Inc.,
Nominal Defendant.

Bankruptcy Nos. 00–389 MFW
to 00–825 MFW.
Adversary No. 02–1830 MFW.

United States Bankruptcy Court,
D. Delaware.

March 25, 2003.

James A. Patton, Robert S. Brady, Edmon L. Morton, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, Michael J. Crames, Arthur Steinberg, Marc D. Rosenberg, Kaye Scholer Fierman Hays & Handler, LLP, New York City, for Debtors.

Joanne B. Wills, Steven K. Kortanek, Stephanie A. Fox, Klehr Harrison Harvey Branzburg & Ellers LLP, Wilmington, DE, Max W. Berger, Daniel L. Berger, Jeffrey N. Leibell, Beata Gocyk–Farber, Bernstein Litowitz Berger & Grossman, LLP, New York City, for Plaintiff.

Sherry Ruggiero Fallon, Tybout Redfearn & Pell, Wilmington, DE, for Robert N. Elkins.

Donald J. Detweiler, Jeremy W. Ryan, Saul Ewing, LLP, Wilmington, DE, Roger A. Lane, Testa, Hurwitz & Thibeault, LLP, Boston, MA, Thomas J. Hall, Chadbourne & Parke, LLP, New York City, for Defendants Edward M. Crawford, Kenneth A. Mazik, Robert A. Mitchell, Charles W. Newhall, III, Timothy F. Nicholson, John L. Silverman, and George H. Strong.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

This case is before the Court on the Motion of the Plaintiff for an Order Determining Whether the Adversary Proceeding Is a Core or Non–Core Proceeding. After briefing by the parties and oral argument heard on February 26, 2003, and for the reasons set forth below we determine that the Complaint is a non-core matter.

Also before the Court is the Motion of the Defendants to Abstain or, in the Alternative, to Dismiss the Complaint. That Motion has also been briefed and argued. For the reasons set forth below, we grant the Motion to abstain.

### I. FACTUAL BACKGROUND

On February 2, 2000, IHS and several of its affiliates (collectively "the Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors have continued to manage and operate their businesses pursuant to section 1107 of the Code. On February 15, 2000, the Official Committee of Unsecured Creditors ("the Committee") was formed by the Office of the United States Trustee. The Committee has continued to serve in these cases.

On January 31, 2002, the Committee filed a complaint ("the Adversary Proceeding") on behalf of the Debtors' estates against Dr. Robert N. Elkins and other current and former officers and directors of the Debtors (collectively "the Defendants") asserting breach of fiduciary duties as directors and officers of the Debtors and corporate waste in connection with the

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

2. The Reference Motion is pending before the District Court. A determination of the Core

prepetition approval of certain compensation packages for senior officers of the Debtors. The Defendants filed a Motion to Abstain, or in the Alternative, to Dismiss the Adversary Proceeding ("the Abstention Motion"). The Committee filed a response to that Motion on May 10, 2003, and on May 29, 2003, filed a Motion to Withdraw the Reference ("the Reference Motion") to the District Court and a Motion for an Order Determining Whether the Adversary Proceeding Is a Core or Non–Core Proceeding ("the Core Motion"). The parties have fully briefed the Motions and oral argument was heard on February 26, 2003.[2]

### II. JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) & 157(b)(3).

### III. DISCUSSION

#### A. Core or Non–Core

Whether the Adversary Proceeding is a core or non-core matter is relevant to both the Reference Motion and the Abstention Motion. As a result, we address it first.

■ In their response to the Abstention Motion, the Committee asserts that the Adversary Proceeding is a core matter. In support of that assertion, the Committee notes that several of the Defendants are current officers and directors of the Debtors and, therefore, they have an impact on the administration and likelihood of reorganization of the Debtors. We think this is not a relevant consideration,

Motion is typically required before the Reference Motion will be determined. 28 U.S.C. § 157(b)(3). *See, e.g., Mellon v. Delaware & Hudson Ry. Co. (In re Delaware & Hudson Ry. Co.)*, 122 B.R. 887, 891–92 (D.Del.1991).

however, because it is the subject matter of the lawsuit that is the relevant consideration not whether the lawsuit names officers and directors of the debtor as defendants. If the latter were the proper consideration, any lawsuit that named an officer of the debtor could be core (even a complaint to foreclose on the officer's residence).

The Committee asserts, nonetheless, that the Adversary Proceeding is a core matter because it involves the administration of the estate and liquidation of the estate's assets. *See, e.g.,* 28 U.S.C. § 157(b)(1)(A) & (O); *Stalford v. Blue Mack Transp., Inc. (In re Lands End Leasing, Inc.),* 193 B.R. 426 (Bankr.D.N.J. 1996) (trustee's action for breach of fiduciary duty against debtor's officer based on post-petition conduct was core proceeding); *Allard v. Benjamin (In re DeLorean Motor Co.),* 49 B.R. 900, 907–08 (Bankr. E.D.Mich.1985) (claims against debtor's former and current officers for pre-petition breach of fiduciary duty were core).

■ However, an action is not core simply because it can fit within the rather broad language of section 157(b)(1). *See, e.g., Southeastern Sprinkler Co. v. Meyertech Corp. (In re Meyertech Corp.),* 831 F.2d 410, 416–17 (3d Cir.1987); *Hoffmeyer v. Loewen Group Int'l, Inc. (In re Loewen Group Int'l, Inc.),* 279 B.R. 471 (Bankr. D.Del.2002).

■ In its Core Motion, the Committee now concedes that case law, particularly in the Third Circuit, supports a finding that the adversary proceeding is non-core. Under the Third Circuit's definition, "a proceeding is core (1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *See, e.g., Halper v. Halper,* 164 F.3d 830, 836 (3d Cir.1999); *Beard v. Braunstein,* 914 F.2d 434, 444 (3d Cir. 1990).

■ In this case, the Adversary Proceeding is not dependent on any provisions of the Bankruptcy Code nor is it a proceeding that could only arise in the context of a bankruptcy case. The allegations of breach of fiduciary duty and waste of corporate assets are quintessential state law causes of action. The Adversary Proceeding is, therefore, a non-core proceeding. *See, e.g., Mellon v. Delaware & Hudson Ry. Co. (In re Delaware & Hudson Ry. Co.),* 122 B.R. 887, 894 (D.Del.1991) (action against directors for declaration of unlawful dividends, waste, and breach of fiduciary duty was non-core where it existed prior to and independent of the bankruptcy filing).

## B. *Abstain or Dismiss*
### 1. *Mandatory Abstention*

■ Abstention by the Bankruptcy Court is mandatory under section 1334(c)(2) of title 28 if the matter is non-core and the proceeding is commenced and can be timely adjudicated in a state court.[3] In this case, while we have determined that the Adversary Proceeding is non-core, there is not currently pending in state court any action involving the same issues. Therefore, abstention is not mandatory.

---

**3.** Section 1334(c)(2) states:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

### 2. *Discretionary Abstention*

■ Section 1334(c)(1) provides for abstention in the court's discretion.[4] Courts have previously identified twelve factors relevant to the discretionary abstention decision:

In determining whether abstention is appropriate under section 1334(c)(1), courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

*See, e.g., In re Continental Airlines, Inc.,* 156 B.R. 441, 443 (Bankr.D.Del.1993) (*quoting TTS, Inc. v. Stackfleth (In re Total Technical Services, Inc.),* 142 B.R.

96, 100–01 (Bankr.D.Del.1992) (citations omitted)).

■ The Committee asserts that in bankruptcy cases discretionary abstention should be granted sparingly because Congress intended for all matters related to the estate to be decided in one forum, the bankruptcy court. However such a broad principle would assure that nothing remotely related to a bankruptcy case would ever be appropriate for abstention. We decline to go so far and therefore consider the factors which are relevant to a consideration of discretionary abstention.

#### a. Effect on the administration *of the estate*

The Committee asserts that abstention will have a detrimental effect on the efficient administration of the estate because it will delay resolution of the Adversary Proceeding. However, we are not convinced that the possibility of delay is sufficient to warrant denial of the Abstention Motion. Further, little has happened in this Adversary Proceeding. Therefore, the delay which may be occasioned by abstention will not be prejudicial.

The Committee further emphasizes the fact that this Adversary Proceeding has been pending for some time in this Court and that the Court is familiar with many of the relevant facts and the parties to the case. However, our familiarity with Mr. Elkins is limited to consideration of a settlement of certain of his claims against the estate in the main bankruptcy case. Similarly, our familiarity with the substance of the Complaint is limited to granting the Committee the right to conduct discovery under the auspices of Rule 2004 prior to

---

**4.** Section 1334(c)(1) states:
Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from

hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
28 U.S.C. § 1334(c)(1).

commencing the Adversary Proceeding. Until argument on the instant motions, we had virtually no involvement with the Adversary Proceeding. Consequently, we do not have an overwhelming amount of time, effort and familiarity invested in the Adversary Proceeding itself so as to cause us to conclude that starting the case over elsewhere would be a waste of judicial resources. *Cf. In re Demert & Dougherty, Inc.,* 2001 WL 1539063 at *10 (N.D.Ill. November 30, 2001) (case had been pending for three years and court was familiar with the issues and parties).

It is also significant to note that this case has already been long delayed by agreement of the parties while they attempted to mediate the dispute and while the Defendants tried to resolve issues relating to coverage of the claims under the Debtors' insurance policies. Any delay occasioned by abstention would not be significant in comparison.

The Committee also argues that abstention would adversely affect these estates because the successful prosecution of the Adversary Proceeding (which seeks in excess of $78 million) will significantly increase the amount which creditors will receive in these reorganization cases. *See, e.g., J.D. Marshall Int'l, Inc. v. Redstart, Inc.,* 74 B.R. 651, 656 (N.D.Ill.1987) (abstention not appropriate where administration and liquidation of estate can occur only after adversary is concluded). The Defendants distinguish the cases cited by the Committee in support of this argument by noting that they involved post-petition or ongoing violations of fiduciary duty. Clearly such activity would adversely affect a chapter 11 proceeding. In this case, in contrast, the allegations of the Complaint relate solely to pre-petition activity, although many of those involved are still with the company.

We are not convinced by the Committee's argument that the adversary will significantly affect the administration of this case, because the Adversary Proceeding is but one of several significant claims or issues that are being pursued in these complicated chapter 11 cases. While any one of the contested matters is substantial, it alone will not determine the success or failure of the reorganization efforts. In addition, the Debtors are presently pursuing confirmation of a proposed plan of reorganization that would result in a transfer of the Debtors' operations. The continued prosecution of this action will have little effect on that Plan. Thus, we conclude that the effect of this Adversary Proceeding on the reorganization of the Debtors or the administration of this estate at this time does not militate against abstention.

b. *Extent state law issues predominate*

The Committee concedes that state law issues predominate.

c. *Unsettled issues of state law*

The Committee asserts, however, that none of the state law issues are novel or complex and that this court is just as able to decide those issues as the state court. *See, e.g., Williams v. Assocs. Fin., Inc. (In re Williams),* 88 B.R. 187, 191 (Bankr. N.D.Ill.1988) (abstention is best when novel or unsettled issues of state law are involved); *Nemsa Establishment, S.A. v. Viral Testing Sys. Corp.,* 1995 WL 489711 (S.D.N.Y. August 15, 1995) (lack of complexity of state law issues reduces importance of this factor in deciding abstention).

However, even if a matter does not involve unsettled issues of state law, where the state law issues so predominate the proceeding as they do in this case, this factor weighs in favor of having the state court decide it. *See, e.g., Sun Healthcare Group Inc. v. Levin (In re Sun Healthcare Group, Inc.),* 267 B.R. 673, 679 (Bankr.

D.Del.2000); *Omna Med. Partners Inc. v. Carus Healthcare, P.A. (In re Omna Med. Partners, Inc.)*, 257 B.R. 666, 669 (Bankr. D.Del.2000). *See also In re L & S Indus., Inc.*, 989 F.2d 929, 935 (7th Cir.1993) ("Under bankruptcy law the presence of a state law issue is not enough to warrant permissive abstention, but it nevertheless is a significant consideration").

### d. *Presence of related proceeding in state court*

■■■ The Committee notes as significant that there is no pending action in the state court that deals with the same issues raised in the Adversary Proceeding. The Ninth Circuit has held that "[a]bstention can exist only where there is a parallel proceeding in state court." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1009 (9th Cir.1997). While this is a dispositive factor in mandatory abstention, we conclude that it is not dispositive (but is only one factor) in considering discretionary abstention. *See, e.g., Sun Healthcare*, 267 B.R. at 679; *Omna Med. Partners*, 257 B.R. at 669.

The Committee also argues that since no other court has any related case pending that *a fortiori* this Court has the most familiarity with the issues raised by the Adversary Proceeding and it would be a waste of judicial resources to require the Committee to start over again in another forum. We are not persuaded by this argument. As noted above, our familiarity with the instant case is *de minimus* and does not weigh heavily in favor of our keeping the case.

### e. *Independent federal jurisdiction*

The Defendants note that, in the absence of related to jurisdiction in the bankruptcy court, there is no independent basis for federal jurisdiction over the suit. There is no diversity since the estate and at least one Defendant (Charles W. Newhall, III) are citizens of Maryland. Further, the claims are based solely on state law issues and no federal question is presented. This favors abstention.

### f. *Degree of relatedness to bankruptcy*

The Committee asserts that the case is not remote from the main case but is "inextricably intertwined with [the debtor] and its bankruptcy case." *See, e.g., Nemsa Establishment*, 1995 WL 489711 at *8. This relatedness, the Committee argues, arises from the fact that the Defendants are current and former officers and directors of the Debtors and that their actions were taken as such. Thus, the Committee asserts that the suit against them implicates the Debtors.

We disagree. As noted, the Complaint raises non-core issues only. Further, the case is not inextricably intertwined with the administration of the estate. It involves alleged wrongdoing by the Debtors' officers and directors that occurred prepetition. While its successful prosecution may result in an enhanced distribution for creditors in the bankruptcy cases, that does not mean it is so related to the main case as to warrant our retention of jurisdiction over it. Abstention is favored on this factor.

### g. *Substance of the proceeding*

As noted above, the Committee concedes and we conclude that the Adversary Proceeding is not a core proceeding. Therefore, this factor favors abstention.

### h. *Feasibility of severing core matters*

Since all the issues involved in the Adversary Proceeding are non-core, severing the counts of the Complaint need not be done. It is possible to abstain and allow the state court to decide the entire suit with minimal disruption to the main bankruptcy estate. This factor favors abstention.

### i. Court's docket

The Committee argues that the case can proceed more expeditiously in this Court than in the state court. We disagree. Given this Court's heavy docket it is certain that this Adversary Proceeding will not be resolved quickly here. Even if the Reference Motion were granted, we are not convinced the matter would proceed more quickly in the District Court either since that Court is similarly overburdened.[5]

### j. Forum shopping

The Committee asserts that the Abstention Motion is simply the Defendants' attempt to forum shop. The Defendants argue that the only relevant consideration is whether the Committee, by filing in this Court, engaged in forum shopping. *See, e.g., TTS*, 142 B.R. at 100. We cannot conclude that the Committee engaged in forum shopping by filing the adversary proceeding in the Bankruptcy Court. However, it might be suggested that the Committee itself engaged in forum shopping by filing the Reference Motion. While normally the plaintiff's choice of a forum will be given some additional weight, in this case the Bankruptcy Court is no longer the plaintiff's choice. Consequently, we conclude that this factor is neutral.

### k. Right to jury trial

The Defendants argue that they are entitled to a jury trial on the Committee's Complaint. *See, e.g., DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 837 (9th Cir.1963) ("where a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law,

the issue of whether there has been a breach is, subject to appropriate instructions, a jury question"); *Lands End Leasing*, 193 B.R. at 433 ("where a claim of breach of fiduciary duty is predicated upon an underlying claim which is legal in nature, the issues of breach and the predicate claim are for a jury").

It is acknowledged by the Committee that there is a right to jury trial on some, if not most, of the counts in its Complaint. However, it notes that no right to a trial by jury is available in the Court of Chancery in Delaware, but rather is a matter within the discretion of the Chancery Court. *See, e.g., Pennzoil Co. v. Getty Oil Co.*, 473 A.2d 358, 364 (Del.Ch.1984); *Saunders v. Saunders*, 71 A.2d 258, 261 (Del. Ch.1950); *Aetna Cas. & Sur. Co. v. Mayor & Council*, 160 A. 749, 750 (Del.Ch. 1932).

▮▮ The Committee suggests that this Court could conduct a jury trial with the consent of the parties and that it would consent citing section 157(e) of title 28. However, this is not correct. Section 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all parties.

28 U.S.C. § 1334(e). In this District, the Bankruptcy Judges have not been specially designated by the District Court to conduct a jury trial. Therefore, even if the parties consent, we may not conduct a jury trial.

---

**5.** The statistics cited by the Defendants illustrate (and the Court is all too aware of) the fact that this Court is currently overwhelmed and unable to handle the existing case load, even with the assistance of judges visiting from other districts. It was the District Court's own increasing case load which caused it to cease handling bankruptcy cases and reinstate the automatic reference of bankruptcy cases to the Bankruptcy Court.

Alternatively, the Committee argues that the District Court may hold a jury trial and that withdrawal of the reference would permit that. It acknowledges that to guarantee a trial by jury, therefore, denial of the Abstention Motion and granting of the Reference Motion is necessary.

As a result, we conclude that this factor favors abstention because the only way to guarantee the right to a jury trial would be for the reference to be withdrawn, which is beyond our control, or to abstain.

1. *Presence of non-debtor parties*

In this case all the Defendants are non-debtors. Therefore this factor favors abstention.

## IV. CONCLUSION

For the reasons stated above, we conclude that the Adversary Proceeding involves only non-core issues and that the factors relevant to discretionary abstention weigh in favor of granting the Abstention Motion.